UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    v.

FUSION ANALYTICS INVESTMENT
 PARTNERS, LLC,
FUSION ANALYTICS HOLDINGS, LLC, AND
MICHAEL J. CONTE,

        Defendants.

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Securities and Exchange Commission ("Commission") alleges:

**I.   INTRODUCTION**

1. The Commission brings this action to enjoin further violations of the federal securities laws by, and obtain disgorgement and civil penalties from, defendants Fusion Analytics Investment Partners, LLC ("FAIP"), Fusion Analytics Holdings, LLC ("Fusion Holdings"), and Michael J. Conte ("Conte," and, with FAIP and Fusion Holdings, "Defendants").

2. From 2010 to 2016, Defendants raised approximately $1.4 million through the offer and sale of promissory notes ("Notes") to 10 individual retail investors and advisory clients, most of whom were retired and elderly, without disclosing material facts regarding FAIP's declining financial condition. Instead, Defendants made material misrepresentations regarding FAIP's profitability and the safety and soundness of the Notes.

3. Defendants were unable to repay investors their principal at the time of the Notes' maturity due to FAIP's worsening financial condition. Between 2013 and 2018, Defendants

succeeded in renegotiating the material terms and reissuing six of the Notes, totaling approximately $850,000, still without disclosing to investors FAIP's continuing financial decline. Ultimately, Defendants defaulted on the majority of the Notes.

4.   Defendants have repaid certain investors all or part of the outstanding principal and interest related to their Notes. To date, Defendants have failed to repay two Notes totaling $246,000 in principal.

5.   By engaging in this conduct, Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5; and FAIP and Conte additionally violated Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2). Unless enjoined, Defendants are reasonably likely to continue to violate the federal securities laws.

## II.   DEFENDANTS

6.   FAIP is a Delaware limited liability company formed in January 2006 and headquartered in Coral Springs, Florida, with another office in Dallas, Texas. FAIP has been a Commission-registered investment adviser since February 16, 2010.

7.   Fusion Holdings is a Delaware limited liability company formed in March 2006. Fusion Holdings is the holding company of FAIP and Fusion Analytics Securities, LLC, a broker-dealer registered with the Commission since March 2003. Fusion Holdings maintains a place of business in Coral Springs, Florida. Fusion Holdings entered into the Notes with investors.

8.   Conte, 48, resides in St. James, New York. At all relevant times, Conte was the CEO of FAIP and Fusion Holdings, and he controlled FAIP through his majority ownership of Fusion Holdings. Conte holds Series 7, 24, and 65 securities licenses.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1), and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a); Sections 21(d) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78aa(a); and Sections 209(d) and 214(a) of the Advisers Act, 15 U.S.C. §§ 80b-9(d) and 80b-14(a).

10. Venue is proper in the Southern District of Florida because: (a) many of Defendants' acts and transactions constituting violations of the Securities Act, the Exchange Act, and the Advisers Act occurred in this District, and (b) FAIP has its principal place of business in this District.

11. In connection with the conduct alleged in this Complaint, Defendants, directly and indirectly, made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation and communication in interstate commerce, and the mails.

### IV. FACTUAL ALLEGATIONS

#### A. FAIP's Declining Financial Condition

12. FAIP registered with the Commission as an investment adviser in February 2010 and reported approximately $300 million in assets under management. Within two months, FAIP's assets under management had decreased to approximately $180 million.

13. FAIP reported a consistent decline of assets under management in all but one of its Forms ADV filed between 2011 and 2020. During this time, FAIP's sole source of revenue came from advisory fees. With the exception of 2014, from 2008 through 2018, FAIP consistently incurred losses, since the income from its advisory business was insufficient to support the firm's ongoing business expenses. At 2010, FAIP had negative net income, had maxed out its $100,000 bank line of credit, and Fusion Holdings had taken out several loans to fund FAIP's operations.

### B. FAIP's Use of the Notes' Proceeds to Sustain the Business

14. In January 2010, Conte decided that FAIP would raise capital by issuing the Notes through Fusion Holdings. The proceeds of the Notes would be used to fund FAIP's advisory business and operations, including the hiring of at least one new investment adviser representative.

15. Conte targeted FAIP's advisory clients, the vast majority of whom were elderly retirees and with whom he had an existing advisory relationship, to invest in the Notes. In connection with the Notes, Conte distributed an informational deck ("Deck") to three of FAIP's advisory clients and one FAIP employee. The Deck contained FAIP's positive financial projections for the following five years; it did not contain any information about FAIP's current financial condition. Conte set the terms of the Notes, which matured 12 to 24 months from origination, and signed most of the Note agreements on behalf of Fusion Holdings. Defendants issued the first Note to an advisory client in January 2010. Between September to November 2010, by which time Defendants had issued four Notes, FAIP's cash balance had rapidly decreased, with a balance of less than $14,000 at the end of that period.

16. FAIP's cash flow continued to decrease over the next two years. Contributing to the continued decline in advisory business revenue, one of FAIP's largest-producing investment adviser representatives left FAIP in early 2012, taking his advisory clientele and corresponding assets under management. Thus, to raise additional much needed capital, Conte solicited another advisory client to purchase a Note.

17. In late 2013, with FAIP cash-strapped and three of the largest Notes already having reached maturity, Conte succeeded in getting investors to renegotiate their Notes to extend the maturity date and, in at least one case, to change the interest rate. Conte did not disclose that

renegotiation of the notes was required because FAIP did not have the ability to pay the notes according to their terms.

18.     Between 2014 and 2015, FAIP's financial situation, including its cash flow, worsened. FAIP received *de minimis* revenue from its advisory business. Its net income for 2015 was negative $19,493.00. Yet in August 2016, Conte solicited another FAIP advisory client to purchase a Note without disclosing that FAIP had been unable to repay prior Notes according to their terms. Once more, in 2016 and 2017, with the inability to repay the principal due, Conte approached two existing noteholders and succeeded in renegotiating the terms of the Notes. Again in 2018, with no money to repay investors their principal, Conte convinced two investors to renegotiate the terms of the Notes. In each instance, Defendants never disclosed to investors FAIP's dire financial condition.

19.     The Notes are securities within the meaning of the Securities Act, the Exchange Act, and the Advisers Act.

### C.     Defendants' Material Misrepresentations and Omissions

20.     Conte painted a promising picture of FAIP's financial prospects when he solicited retail investors and advisory clients to purchase the Notes. He represented that the Notes would be less volatile than investing in the stock market and that the Notes would provide investors with fixed, steady income. Conte also represented to investors that the proceeds of the Notes would be used to expand FAIP's business, which Conte represented was doing well, and that investors could expect to receive the full value of their Notes at maturity. However, at no point did Conte disclose to investors that FAIP had very limited cash flow and that there was a real possibility that the Notes might not be timely repaid unless the business expanded or improved in the short term.

21.     Notwithstanding Conte's assurances as to the stability of the Notes, Defendants failed to repay principal at the time of maturity to nine of the 10 investors. Further, over the course of years, Defendants routinely failed to pay investors timely interest payments. As FAIP's and Fusion Holdings' CEO, Conte was responsible for all decisions regarding the Notes, as well as overseeing the offering process and the accuracy and completeness of the relevant disclosures made to investors, including advisory clients. Conte was familiar with FAIP's financial decline based on his role as CEO of FAIP and Fusion Holdings and his access to their bank records. Conte knew FAIP had not been profitable for years and for that reason, he had not received a share in any profits since 2015. He also knew that neither FAIP nor Fusion Holdings had the cash to repay the principal associated with the Notes when they came due.

**V.      CLAIMS FOR RELIEF**

### Count 1 -- Section 17(a)(1) of the Securities Act
### (Against All Defendants)

22.     The Commission adopts by reference paragraphs 1 through 21 of this Complaint.

23.     Defendants, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, knowingly or recklessly, directly or indirectly employed devices, schemes, or artifices to defraud.

24.     By reason of the foregoing Defendants violated and, unless enjoined, are reasonably likely to continue to violate Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1).

### Count 2 -- Section 17(a)(2) of the Securities Act
### (Against All Defendants)

25.     The Commission adopts by reference paragraphs 1 through 21 of this Complaint.

26.     Defendants, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or

indirectly, negligently obtained money or property by means of untrue statements of material facts and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

27. By reason of the foregoing Defendants violated and, unless enjoined, are reasonably likely to continue to violate Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

### Count 3 -- Section 17(a)(3) of the Securities Act
### (Against All Defendants)

28. The Commission adopts by reference paragraphs 1 through 21 of this Complaint.

29. Defendants, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, negligently engaged in transactions, practices, or courses of business which have operated, are now operating or will operate as a fraud or deceit upon the purchasers.

30. By reason of the foregoing Defendants violated and, unless enjoined, are reasonably likely to continue to violate Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3).

### Count 4 -- Section 10(b) and Rule 10b-5(a) of the Exchange Act
### (Against All Defendants)

31. The Commission adopts by reference paragraphs 1 through 21 of this Complaint.

32. Defendants, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or recklessly employed devices, schemes or artifices to defraud in connection with the purchase or sale of any security.

33. By reason of the foregoing Defendants violated and, unless enjoined, are reasonably likely to continue to violate Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(a), 17 C.F.R. § 240.10b-5(a).

### Count 5 -- Section 10(b) and Rule 10b-5(b) of the Exchange Act
### (Against All Defendants)

34. The Commission adopts by reference paragraphs 1 through 21 of this Complaint.

35. Defendants, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or recklessly made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, in connection with the purchase or sale of any security.

36. By reason of the foregoing Defendants violated and, unless enjoined, are reasonably likely to continue to violate Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b).

### Count 6 -- Section 10(b) and Rule 10b-5(c) of the Exchange Act
### (Against All Defendants)

37. The Commission adopts by reference paragraphs 1 through 21 of this Complaint.

38. Defendants, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or recklessly engaged in acts, practices, and courses of business which have operated, are now operating or will operate as a fraud upon any person in connection with the purchase or sale of any security.

39. By reason of the foregoing Defendants violated and, unless enjoined, are reasonably likely to continue to violate Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(c), 17 C.F.R. § 240.10b-5(c).

### Count 7 -- Section 206(1) of the Advisers Act
### (Against FAIP and Conte)

40. The Commission adopts by reference paragraphs 1 through 21 of this Complaint.

41. FAIP and Conte, for compensation, engaged in the business of directly advising others as to the value of securities or as to the advisability of investing in, purchasing, or selling securities. FAIP and Conte were therefore "investment advisers" within the meaning of Section 202(a)(11) of the Advisers Act, 15 U.S.C. § 80b-2(a)(11).

42. FAIP and Conte, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly knowingly or recklessly employed a device, scheme, or artifice to defraud one or more clients or prospective clients.

43. By reason of the foregoing FAIP and Conte violated and, unless enjoined, are reasonably likely to continue to violate Section 206(1) of the Advisers Act, 15 U.S.C. § 80b-6(1).

### Count 8 -- Section 206(2) of the Advisers Act
### (Against FAIP and Conte)

44. The Commission adopts by reference paragraphs 1 through 21 and 41 of this Complaint.

45. FAIP and Conte, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, negligently engaged in transactions, practices, or courses of business which operated as a fraud or deceit upon one or more clients or prospective clients.

46. By reason of the foregoing FAIP and Conte violated and, unless enjoined, are reasonably likely to continue to violate Section 206(2) of the Advisers Act, 15 U.S.C. § 80b-6(2).

VI.    **RELIEF REQUESTED**

**WHEREFORE**, the Commission respectfully requests the Court find that Defendants committed the violations of the federal securities laws alleged in this Complaint, and:

A.    **Permanent Injunction**

Issue a Permanent Injunction restraining and enjoining (a) Defendants from violating Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5

thereunder, and (b) FAIP and Conte from violating Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

**B.     Disgorgement**

Issue an Order directing Defendants to disgorge, jointly and severally, all ill-gotten gains, including prejudgment interest, resulting from the acts or courses of conduct alleged in this Complaint.

**C.     Civil Penalty**

Issue an Order directing Defendants to pay civil money penalties, jointly and severally, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78(d)(3), and in addition with respect to FAIP and Conte, Section 209(e) of the Advisers Act, 15 U.S.C.§ 80b-9(e).

**D.     Further Relief**

Grant such other and further relief as may be necessary and appropriate.

**E.     Retain Jurisdiction**

Retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable petition or motion by the Commission for additional relief within the jurisdiction of this Court.

**VII.   JURY DEMAND**

The Commission hereby demands a trial by jury on any and all issues in this action so triable.

August 17, 2021

Respectfully submitted,

By: */s/ Andrew O. Schiff*
Regional Trial Counsel
S.D. Fla. No. A5501900
Direct Dial: (305) 982-6390
Email: schiffa@sec.gov

Attorney for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4146

Of counsel:

Cecilia Danger, Senior Counsel
Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300